Gregorio Arias **BARRON** and Julia Garcia Rocha, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 01–88–00106–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 1, 1989.

William M. Hicks, Dickinson, David Jameson, P.C., Galveston, for appellants.

Michael J. Guarino, Crim. Dist. Atty., Thomas Rodriguez, Asst. Crim. Dist. Atty., Galveston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNER, JJ.

## OPINION

O'CONNOR, Justice.

A jury convicted Gregorio Arias Barron and Julia Garcia Rocha, appellants, of sexual assault and assessed punishment at 20 years imprisonment for each.

Under the indictment, the State alleged that appellants on or about May 8, 1987,
did then and there intentionally and knowingly cause penetration of the female sexual organ of another person, [the complainant], who was not the spouse of the said Gregorio Arias Barron and Julia Garcia Rocha, without the consent of the [complainant] by the said Gregorio Arias Barron and Julia Garcia Rocha then and there using the penis of the said Gregorio Arias Barron and Julia

Garcia Rocha compelled [the complainant] to submit and participate by the use of physical force and violence.

Rocha is the mother of complainant, a moderately retarded female who was 17 years old in May of 1987. Rocha, complainant, and Barron lived together in a one-room trailer. Appellants slept on the bed, and complainant slept on the floor.

## I. APPELLANTS' JOINT POINTS OF ERROR

■ Barron, in his three points of error, and Rocha, in her points of error three through five, challenge the admission of evidence of extraneous offenses between themselves and the complainant. They contend complainant's testimony of other sexual assaults was: (1) immaterial and prejudicial; (2) inadmissible under Tex. Code Crim.P.Ann. 38.07 (Vernon Supp. 1989); and (3) a denial of their constitutional rights of confrontation and due process.

Appellants' did not object to the introduction of the complainant's testimony about other sexual assaults. That testimony was introduced into evidence before the State introduced evidence of the earlier sexual assaults. Complainant said that "bad things" happened to her while she was living with Rocha and Barron. In response to questions by the prosecutor, complainant testified:

Q: What did he [Barron] do?

A. He—When I *always* go lay down and he lays down with my mom first and then he goes to lie down with me. (Emphasis added.)

Q: When he lays down, what does he do?

A: He puts his—

Q: What do you want to call it?

A: His dick in my pussy and it hurts a lot.

\*     \*     \*     \*     \*     \*

Q: Were you able from [sic] stop him from putting his dick in your pussy?

A. No, sir.

Q. Was your mother *ever* present when this happened? (Emphasis added.)

A. Yes, sir.

\* \* \* \* \* \*

Q: Did you *ever* tell your mother what Gregorio was doing? (Emphasis added.)

A: Yes, sir.

\* \* \* \* \* \*

Q: Did your mother *ever* threaten you to keep you from telling anyone? (Emphasis added.)

A: I didn't understand those words.

Q: You just testified that Gregorio threatened you to keep you from telling anyone what he was doing to you?

A. Yes, sir.

Q. Did your mother also threaten you?

A. Yes, sir.

Appellants' only objection throughout this testimony was that the prosecutor was leading the witness. We conclude this testimony shows an on going course of conduct between appellants and complainant. Appellants, therefore, waived any error to the later introduction of evidence of extraneous offenses. *See Granviel v. State,* 552 S.W.2d 107, 118 (Tex.Crim.App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977).

## II. ROCHA'S POINTS OF ERROR

In points of error one and two, Rocha contends the evidence is insufficient to show that she acted alone or as a party in the commission of the offense.

Complainant testified that on May 8, 1987, Barron put his sexual organ into her sexual organ. Thus, under the evidence, the jury found Rocha guilty as a party to the offense on May 8, 1987.

The court's charge instructed the jury that:

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute a party to the offense. *See* Tex.Penal Code Ann. sec. 7.02(a)(2) (Vernon 1974).

We must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). In determining whether one is guilty as a party, we may look to events occurring before, during, or after commission of the offense. *Morrison v. State,* 608 S.W.2d 233, 234 (Tex.Crim.App.1980). Circumstantial evidence may be sufficient to show that one is a party to the offense. *Wygal v. State,* 555 S.W.2d 465, 469 (Tex.Crim.App. 1977). In deciding whether there is evidence that appellant acted as a party, we may rely on her actions that show an understanding and common design. *Tarpley v. State,* 565 S.W.2d 525, 529 (Tex.Crim. App.1978). Parties may agree to commit a criminal offense before or at the time of the offense. *Urtado v. State,* 605 S.W.2d 907, 911 (Tex.Crim.App.1980).

Rocha argues there is no evidence she was present at the time of the offense.[1] Complainant gave conflicting testimony whether Rocha was present during the assault on May 8. The most generous view of complainant's testimony could not have convinced a jury beyond a reasonable doubt that Rocha was present during that assault.

Even if appellant was not present at the time of the offense, the jury could still convict her as a party. *See Cross v. State,* 550 S.W.2d 61, 63–64 (Tex.Crim.App.1977).

Complainant testified Barron sexually assaulted her on a number of occasions. Barron once forced her to have sex while she

---

1. The complainant's testimony is conflicting on whether Rocha was present when the offense occurred. During direct examination, she testified Rocha was inside the trailer and "lying down on the bed." Later, on cross-examination, she testified Rocha was "barely coming in," "she was fixing to drive in the driveway," and "she was fixing to park the car." At one point, she testified when Rocha entered the trailer, Barron had "finished raping me," and then said that as Rocha was "fixing to come into the house," Rocha saw Barron raping her.

was in the shower. He also tried to have oral sex with her, but she refused. Complainant testified her mother was present during some of these instances, but refused to help or prevent the assaults. She also said Barron would lie down with Rocha after having sex with her. She further testified on one occasion, while Barron was sexually assaulting her, Rocha slapped her and "told me to stop screaming because I might wake up the next door neighbor."

We conclude the evidence is sufficient to establish beyond a reasonable doubt that Rocha was guilty as a party to the offense. She knew Barron was repeatedly forcing complainant to commit sex acts. She did nothing to report or prevent the conduct. Rocha was also present during some of the sexual assaults, and on one occasion, forced complainant to comply by slapping her. From this evidence, the jury could infer she acted with an intent to promote or help in the commission of the offense by aiding and encouraging Barron's conduct.

■ Rocha also argues there is no showing she aided Barron's actions by slapping complainant on May 8, 1987. The State is not bound by the date alleged in the indictment. Rather, the State must only prove the offense was committed before the indictment was presented and within the limitation period. *Hill v. State*, 544 S.W.2d 411, 413 (Tex.Crim.App.1976). The limitation period for sexual assault is five years. Tex.Code Crim.P.Ann. art. 12.01(3)(C) (Vernon Supp.1989). Appellants were indicted on June 25, 1987. The doctor, who examined complainant on June 3, 1987, testified she had both old and new vaginal scarring as a result of traumatic sexual intercourse. He said the most recent scarring occurred within the past six weeks to six months, well within the limitation period.

We overrule Rocha's first and second points of error and affirm the judgment.