Willie B. THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00246–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 14, 1991.

Second Motion for Rehearing
Overruled March 21, 1991.

Kenneth W. Smith, Donald W. Roger, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr. and Susan Baetz Brown, Asst. Harris Co. Dist. Attys., for appellee.

Before HUGHES, SAM BASS and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

HUGHES, Justice.

The State has filed a motion for rehearing, or alternatively, a motion for rehearing en banc. Tex.R.App.P. 100(a), (f). The State argues (1) our initial opinion failed to view the evidence in the light most favorable to the verdict and was at odds with prior opinions of this Court in *Alejandro v. State*, 725 S.W.2d 510 (Tex.App.—Houston [1st Dist.] 1987, no pet.), and *Manuel v. State*, 782 S.W.2d 335 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd), and (2) the totality of the circumstances supported a rational finding that appellant knowingly possessed cocaine. We sustain these arguments, but we also sustain appellant's second point of error in his appellate brief, which we had not previously considered.

Accordingly, we grant the motion for rehearing, withdraw our former opinion dated July 26, 1990, substitute this opinion in lieu thereof, reverse the judgment, and remand the cause to the trial court for further proceedings.

This is an appeal from a conviction for possession of a controlled substance, cocaine, weighing less than 28 grams. After the jury found appellant, Willie Thomas, guilty as charged in the indictment, the trial court found the enhancement paragraphs true and assessed punishment at 35 years confinement.

On May 20, 1988, during daylight hours, Houston police officers went to the home of appellant's aunt with a warrant to arrest appellant for a different crime. The officers placed appellant under arrest and searched his clothing for weapons. Officer Spradlin took appellant's wallet out of his back pocket and opened it to find identification. Inside, he found two small plastic packets. Officer Spradlin testified that the packets were small "baggies" and contained "a little powder substance" that was visible to the naked eye. He stated that he had seen similar baggies containing a powdery substance on many occasions before and that he believed they contained cocaine residue.

Officer Rivera testified that he had been with the Houston Police Department for 13 years. He stated that he had seen cocaine on many occasions and was familiar with what it looked like. Based on his observation of the packets that Officer Spradlin found in appellant's wallet, Officer Rivera believed the substance in the packets was cocaine.

Beulah Moore, appellant's aunt, was present during the arrest. She was standing in the doorway, five or six feet away, when the officers found the plastic bags in appellant's wallet. She did not see anything in the bags. She also said that she had not seen those kind of baggies before, and had no idea what would be in them.

The officers took the plastic bags to the police department's narcotics lockbox for testing by the laboratory. Officer Spradlin testified that he personally delivered the plastic bags to the lockbox. Judy Nohavitza, the chemist for the police department, testified that she personally retrieved the contents from the lockbox. The contents

were then given a lab number, inventoried, and tested.

Nohavitza said the substance was cocaine. She stated that the residue had to be washed out of the bags before testing. They ran several tests, and found 0.8 milligrams of pure cocaine. The weight was determined through an ultraviolet test. The cocaine itself could not be weighed because it was such a small amount. Nohavitza said that the residue was destroyed on analysis because it was such a small amount. The cocaine itself was not available to be introduced into evidence during trial.

In his first point of error, appellant claims the amount of cocaine in the plastic bags was no more than a mere trace; therefore, the evidence was insufficient to support the conviction. In support of his argument, appellant relies on *Greer v. State*, 163 Tex.Crim. 377, 292 S.W.2d 122 (1956); *Pelham v. State*, 164 Tex.Crim. 226, 298 S.W.2d 171 (1957); and *Coleman v. State*, 545 S.W.2d 831 (Tex.Crim.App. 1977). Appellant also contends the evidence was insufficient to link him to the contraband and cites *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987).

In reviewing the sufficiency of the evidence, we view it in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984); *Barron v. State*, 773 S.W.2d 44, 46 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd). We must then determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Casillas v. State*, 733 S.W.2d 158, 160 (Tex.Crim.App.1986), *appeal dism'd*, 484 U.S. 918, 108 S.Ct. 277, 98 L.Ed.2d 238 (1987); *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986); *Barron*, 773 S.W.2d at 46.

In *Greer*, the testimony of two police officers showed that the defendant had in her possession a small bottle cap in which was a small piece of wet cotton. 292 S.W.2d at 122. A chemist extracted the contents of the bottle top with hot water and evaporated that to dryness. *Id.* Tests

on the residue indicated that the material extracted from the cotton was heroin. *Id.* The court stated that it would not convict a defendant for possession of a small piece of wet cotton containing a trace of heroin. *Id.*

In *Pelham*, police officers pursued and stopped a car driven by the defendant that ran a red light. 298 S.W.2d at 172. During the pursuit, they noticed someone shaking newspapers out of the window and some kind of dust flying from the newspapers. *Id.* One of the officers testified that he smelled burning marihuana and that there was a small quantity of marihuana dust and seeds on the car's back seat. *Id.* After the car's occupants were arrested and taken to the police station, an officer scraped some dust off the defendant's pants' pocket. *Id.* A chemist with a microscope was able to find particles of marihuana among the scrapings. *Id.* He was unable, however, to express any opinion concerning the amount or weight of the marihuana particles found. *Id.* At the time of the conviction in *Pelham*, there was no minimum limit for prosecution for possession of marihuana. The court reversed the conviction, holding that the facts did not show possession of marihuana where a microscope was required to identify the scrapings.

In *Coleman*, when the defendant in his vehicle was stopped and served with a misdemeanor arrest warrant for gambling, a small vial on the floor popped into plain view. 545 S.W.2d at 832. The arresting officer testified that he examined the vial and that the unweighable trace amount of substance had a "brilliant sparkle to it." *Id.* This led the officer to believe that the substance was cocaine. *Id.* The Court of Criminal Appeals reversed the conviction and remanded the cause because certain evidence proffered by the defendant was erroneously excluded. *Id.* at 835. However, the court also stated that the judgment should be reversed for another reason. The chemist testified that it was possible to weigh 1/280,000 of an ounce of cocaine. *Id.* The trace amount recovered from the vial, however, was unweighable because of

the difficulty in removing it from the vial. *Id.* The chemist stated that he felt the actual amount in the vial was no more than $5/28,000$ of an ounce, and maybe as little as $1/28,000$ of an ounce.[1] *Id.* The court quoted from *Pelham* and stated that it would be a harsh rule to charge a defendant with knowingly possessing that which a microscope was required to identify. *Id.*

◼ The facts in the case before us are distinguishable from those in *Greer, Pelham,* and *Coleman.* In *Greer,* the evidence consisted of a trace of heroin. The heroin appears neither to have been weighed nor visible to the police. While the police in *Pelham* may have seen the marihuana particles, the chemist was unable to state the weight of the marihuana found. In *Coleman,* the police saw the cocaine, but the chemist was unable to definitively state the amount of the cocaine. Here, Officers Spradlin and Rivera testified that they saw the cocaine residue in the baggies obtained from appellant's wallet, and Nohavitza testified about the weight of the cocaine. If the controlled substance can be seen and measured, we conclude that the amount is sufficient to establish that the defendant knew it was a controlled substance. *Shults v. State,* 575 S.W.2d 29, 30 (Tex.Crim.App. [Panel Op.] 1979); *see also Manuel,* 782 S.W.2d at 336; *Alejandro,* 725 S.W.2d at 514–15.

Although appellant asserts there were insufficient links between him and the contraband, citing *Humason,* unlike the defendant in *Humason,* 728 S.W.2d at 366, appellant had the cocaine on his person. This, coupled with the fact that the cocaine could be seen and measured, provides a sufficient link between appellant and the cocaine. Therefore, we hold the evidence was sufficient to allow the jury to find, beyond a reasonable doubt, appellant guilty of possession of cocaine. We overrule appellant's first point of error.

◼ In his second point of error, appellant contends the trial court committed reversible error in admitting State's exhibit number two because it was hearsay.

State's exhibit number two is a submission form that accompanied the baggies containing the cocaine residue when they were turned into the laboratory for testing. The form showed appellant's name, date of birth, race, and sex, the complainant's name, location of the offense, the nature of the offense ("Poss of Cont Sub Cocaine"), the incident number, the date of the offense, the date of submission to the laboratory, a description of the evidence being submitted ("Two Clear Plastic Baggies Containing Traces"), suggestions for examination or analysis ("Determine if Submitted Evidence is a Controlled Substance and Identify"), and the submitting police officer's name, classification, and employee number. In arguing that the admission of State's exhibit number two warrants reversal, appellant relies on *Carrier v. State,* 565 S.W.2d 57 (Tex.Crim.App.1978); *Sisson v. State,* 561 S.W.2d 197 (Tex.Crim.App. 1976); *Battee v. State,* 543 S.W.2d 91 (Tex. Crim.App.1976); and *Coulter v. State,* 494 S.W.2d 876 (Tex.Crim.App.1973).

In *Coulter,* the appellant urged that the admission of several "evidence envelopes" was reversible error because they constituted hearsay and deprived him of his constitutional right to be confronted by the person who made the written entries on the envelopes. 494 S.W.2d at 878. The envelopes were used to submit evidence for testing to the laboratory. One of the envelopes contained the following information: appellant's name and address; a description of the evidence, including the comment that it was suspected marihuana; how, when, and where the evidence was obtained; names of witnesses; the name of the agent (Richard Heath) reporting the case; and a case number. *Id.* at 879. Richard Heath, the federal narcotics agent, was qualified as an expert witness in the identification of marihuana. *Id.* at 878. He testified that the material in the three tobacco cans, which he had purchased from appellant, was marihuana. *Id.*

The Court of Criminal Appeals held that the introduction of the envelope described

---

**1.** $1/28,000$ of an ounce = 0.00101247 gr. = 1.01247 mg.

$5/28,000$ of an ounce = 0.00506294 gr. = 5.06294 mg.

above was reversible error because, even if it was shown to be a business record, the indicia of reliability necessary for its admission was not shown. *Coulter*, 494 S.W.2d at 883. The court adopted the reasoning in *United States v. Ware*, 247 F.2d 698 (7th Cir.1957), which stated that such exhibits contained conclusions of the government's witnesses as to matters in the jury's province to determine and satisfied none of the requirements for business records. 247 F.2d at 699, 700. Even if the records were regularly prepared by law enforcement officers, according to the seventh circuit, they were subject to the objection that their utility related to prosecution of suspected law breakers and only incidentally to the systematic conduct of police business. 247 F.2d at 700. Although the agent who made the notes on the exhibit was present at trial and tendered for cross-examination, and the notes were cumulative of other evidence properly in the record, the Court of Criminal Appeals relied on *United States v. Brown*, 451 F.2d 1231 (5th Cir.1971), which stated that it could not conclude that the error did not influence the jury to the defendant's detriment. *Coulter*, 494 S.W.2d at 883 (quoting *Brown*, 451 F.2d at 1234).

The Court of Criminal Appeals has reaffirmed its *Coulter* holding in *Carrier, Sisson,* and *Battee.* We cannot distinguish the facts of those cases from the one before us. Therefore, we sustain appellant's second point of error.

We reverse the judgment and remand the cause.

O'CONNOR, J., not participating.

## OPINION ON SECOND MOTION FOR REHEARING

The State has filed a second motion for rehearing, or alternatively, a motion for rehearing en banc, TEX.R.APP.P. 79(d), (e), and a motion for postsubmission supplementation and correction of the statement of facts. We overrule the motions for rehearing en banc and for postsubmission supplementation.

In its second motion for rehearing, the State raises three points of error: that TEX.R.CRIM.EVID. 803(6) applied; that error was not preserved; and that error was harmless. Our opinion addresses why State's exhibit number two should not have been admitted as a business record exception to the hearsay rule and why admission could not be harmless error.

Appellant preserved his objection to the admission of State's exhibit number two by arguing that it constituted hearsay. The whole submission form constituted hearsay because it was not a business record, and the indicia of reliability necessary for its admission was not shown. *Sisson,* 561 S.W.2d at 199; *Coulter,* 494 S.W.2d at 883.

We overrule the State's second motion for rehearing.