**Leslie Dean HARMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01458.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 15, 1998.

---

Victor Blaine, Houston, for appellant.

John B. Holmes, Alan Curry, Houston, for appellee,

Before WILSON, ANDELL and D. CAMILLE HUTSON–DUNN,[1] JJ.

## EN BANC OPINION

D. CAMILLE HUTSON–DUNN, Justice (Retired).

A jury found appellant guilty of possession of cocaine, and assessed punishment at five years in prison. We affirm.

### Factual Summary

Deputy Darrell Shinneman of the Harris County Sheriff's Department stopped a car for displaying an expired inspection sticker. Appellant, the driver, was the only occupant. Shinneman asked appellant for his driver's license and proof of insurance. When appellant could not produce any proof of insurance, Shinneman asked him to exit the car and placed him in the back seat of his patrol car. Shinneman checked appellant's driver's license, discovered that appellant had several outstanding warrants, and arrested him. During a search of the car, Shinneman found a pipe. His testimony regarding the search was:

Q: When you looked inside the Plymouth Sundance, sir, what did you find?

A: Approximately a four-inch, silver-colored tube lying between the bucket seats.

Q: And would you describe where between the seats you found this?

A: Between the bucket seats over—closest to the driver's side, lying on the floor, in the—between the seats on the floorboard.

Q: Did you have to pick up anything or look under any seats to find this, sir; or was it laying there in plain view?

A: It was in plain view.

Q: When you looked at it, did you notice anything about this?

A: It was a silver-colorish tube that had been burned on both ends of it. It had been used; and basically, with the experience that I've had over the past five years of doing this, I recognize[d] it to be a crack pipe.

Q: And did you notice any white coloring at all there?

A: No, sir.

Q: Not at the time?

A: Not at the time.

. . . .

Q: Describe that area [between the car's front seats].

A: It's carpeted. It's kind of—it's flat. It's a flat area.

Q: And you found it right there in plain, open view?

A: Yes, sir.

---

1. The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

In a field test, Shinneman found the pipe contained cocaine. Shinneman testified that while sitting in the driver's seat of the car, one could see the pipe lying on the floorboard, but he admitted he had not actually sat in the driver's seat. A chemist testified he examined the tube and found a .10 gram rock of cocaine tightly wedged in one end that tested 81 percent pure. No one tested the tube for fingerprints.

Shondra Newton, the car owner's girlfriend, testified that on the night appellant was arrested, appellant had given her a ride home from work. The brakes on appellant's truck were in need of repair, so he borrowed Newton's friend's car to go to an auto parts store and purchase new brakes. Newton testified that appellant left her house about an hour before he was arrested. She also testified the car was usually very messy and cluttered.

In his sole point of error, appellant contends the evidence insufficient to support a conviction.

### Legal Sufficiency

When an appellant challenges both the legal and factual sufficiency of the evidence, an appellate court must first determine whether the evidence introduced at trial was legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Banda v. State*, 890 S.W.2d 42, 49 (Tex.Crim.App.1994). The question on appeal is not whether we, as a court, believe the prosecutor's evidence or believe the defense's evidence "outweighs" the State's evidence; if there is not sufficient evidence to prove guilt beyond a reasonable doubt, the conviction will be reversed. *Anderson v. State*, 871 S.W.2d 900, 902 (Tex.App.—Houston [1st Dist.] 1994, no pet.). This Court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Crittendon v.*

*State*, 923 S.W.2d 632, 632 (Tex.App.—Houston [1st Dist.] 1995, no pet.). If there is evidence that establishes guilt, beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

To establish unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant exercised care, custody, control, and management over the contraband and that the defendant knew that the substance being possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992); *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim. App.1995); *Palmer v. State*, 857 S.W.2d 898, 900 (Tex.App.—Houston [1st Dist.] 1993, no pet.). It is not sufficient for the State merely to show that the defendant was the only one in the vicinity of contraband or was driving a vehicle containing narcotics. *Palmer*, 857 S.W.2d at 900. To prove knowing possession, the State must present evidence that affirmatively links the defendant to the controlled substance. *Id.* at 900.

Taking the evidence in the light most favorable to the verdict, appellant was in a car by himself with a makeshift crack pipe in plain view that contained crack and was on his side of the car. Because appellant was exercising dominion and control over the car, an inference arises that he knew it contained contraband. *See Menchaca v. State*, 901 S.W.2d 640, 652 (Tex.App.—El Paso 1995, pet. ref'd) (holding appellant's control over vehicle raised inference he knew of marihuana in car's compartment); *Boughton v. State*, 643 S.W.2d 147, 149 (Tex.App.—Fort Worth 1982, no pet.) (holding contraband found in key box attached to steering column was affirmatively linked to defendant because defendant was sole occupant of car and box found on defendant's side of car). That recognizable drug paraphernalia was in plain view and within easy reach of appellant further links him to the cocaine. *See Coonradt v. State*, 846 S.W.2d 874, 876 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (holding that a metal cocaine pipe found in plain view between passenger and driver served to af-

firmatively link driver to contraband found in duffel bag).

Because appellant was alone in a car with drug paraphernalia in plain view and easily accessible to him, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant exercised care, custody, control, and management over the contraband and that appellant knew the substance possessed was contraband. We hold that the evidence was legally sufficient.

### Factual Sufficiency

■ After an appellate court determines that the evidence is legally sufficient to support the verdict, the court may proceed to determine factual sufficiency. *Clewis*, 922 S.W.2d at 129. When reviewing factual sufficiency of the evidence, we must be ever mindful that the jury is charged with the responsibility of measuring witness credibility, *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), and resolving conflicts in the evidence. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982). We are only to reverse if, upon viewing all of the evidence and taking into account all reasonable inferences, we find the verdict is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *Clewis*, 922 S.W.2d at 129.

■ In this case, the evidence demonstrates that a crack pipe was in close proximity to, and in plain view, of appellant while he was driving the car. No one else was in the car with him. The crack pipe, a small metal tube, was burned on both ends, giving it a distinctive character. Appellant offered some evidence in an attempt to show he did not know he possessed cocaine. The jury was able to weigh the credibility of the witnesses and could disbelieve the evidence as it saw fit. *Bonham*, 680 S.W.2d at 819. The evidence favoring appellant is not so overwhelming that the jury's verdict was clearly wrong and unjust. We hold the evidence was factually sufficient.

The judgment is affirmed.

SCHNEIDER, C.J., and COHEN, HEDGES, TAFT, NUCHIA and HUTSON–DUNN, JJ., voted in favor of en banc consideration.

MIRABAL, O'CONNOR, WILSON and ANDELL, JJ., opposed en banc consideration.

SCHNEIDER, C.J., and HEDGES, TAFT and NUCHIA, JJ., join the majority opinion.

COHEN, J., concurs in the judgment.

ANDELL, J., dissents.

MIRABAL and WILSON, JJ., join the dissenting opinion.

O'CONNOR, J., did not participate.

ANDELL, Justice, dissenting.

I would hold the evidence in this case is legally insufficient, and I would reverse and reform the judgment of the trial court to reflect acquittal.

### Affirmative Links

It is not sufficient for the State merely to show that the defendant was the only one in the vicinity of contraband or was driving a vehicle containing narcotics. *Palmer v. State*, 857 S.W.2d 898, 900 (Tex.App.—Houston [1st Dist.] 1993, no pet.). To prove knowing possession, the State must present evidence that affirmatively links the defendant to the controlled substance. *Id.* at 900.

In *Hurtado v. State*, this Court listed an array of factors that tend to indicate a defendant's knowledge of and control over the contraband. 881 S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). We must gauge the logical force of the factors, alone or in combination, to link the defendant to the contraband. *Martinets v. State*, 884 S.W.2d 185, 188 (Tex.App.—Austin 1994, no pet.).

The *Hurtado* factors apply as follows:

(1) *Was the contraband in plain view?*

Shinneman testified that he could not see the cocaine. He said he saw the pipe in plain view in the divider between the driver's seat and the passenger's seat; however, he never sat in the driver's seat, and he

had to crawl across the seat to see the pipe.

(2) *Was the contraband conveniently accessible to the accused?*

Shinneman testified that the pipe was in the center console, but closer to the driver's seat.

(3) *Was the contraband in a place owned by the accused?*

Newton testified appellant did not own the car. The State did not contradict that testimony.

(4) *Was the contraband in a car driven by the accused?*

Appellant was the sole occupant and driver of the car.

(5) *Was the contraband found on the same side of the car as the accused?*

The pipe was found in the console area between the front seats, but closer to appellant.

(6) *Was the contraband found in an enclosed space?*

The console had no lid, and Newton testified that it was shallow enough for items to roll off.

(7) *Was the paraphernalia to use the contraband in view of or found on the accused?*

Newton testified the car was very messy and cluttered. The pipe was only four inches long and could have been lost in that clutter. Although Shinneman stated the pipe was in plain view, he admitted never looking at it from the driver's seat and having to crawl across the driver's seat to see it.

(8) *Did the conduct of the accused indicate a consciousness of guilt?*

There is no evidence appellant made any furtive gestures or admitted guilt.

(9) *Did the accused have a special relationship to the contraband?*

Police did not find contraband on appellant and took no fingerprints from the pipe. Furthermore, appellant showed no signs of intoxication or strange behavior attributable to smoking crack.

(10) *Did the occupant of the automobile give any conflicting statements about the relevant matters?*

Appellant made no conflicting statements.

(11) *Were any affirmative statements made that connect the accused to the contraband?*

There is no evidence of any such statements.

Taking the evidence in the light most favorable to the verdict, appellant was in a car by himself with a makeshift crack pipe in plain view that contained crack and was on his side of the car. The same would be true of anyone who sat in this driver's seat.

Proof of strong suspicion or mere probability is insufficient to support a conviction. *Brazier v. State,* 748 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). Unavoidable are the facts that the cocaine was not visible to the naked eye and that no evidence showed the pipe was in plain view from appellant's perspective.

I would hold that a rational trier of fact could not have found beyond a reasonable doubt that appellant exercised care, custody, control, and management over the contraband and that defendant knew the substance possessed was contraband.

MIRABAL and WILSON, JJ., join the dissenting opinion.