Opinion issued October 9, 2003





     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-01261-CR
           01-02-01262-CR




ELIJAH MOE GIBSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 890898, 890897




MEMORANDUM OPINION

          The trial court found appellant, Elijah Moe Gibson, guilty of possession with
intent to deliver cocaine weighing between four and 200 grams


 and possession of
marihuana weighing between four ounces and five pounds.


 The trial court then
assessed punishment at confinement for 12 years and one year, respectively. In two
points of error, appellant challenges the legal and factual sufficiency of the evidence
to support his convictions in both causes. We affirm. 
Background
          On October 14, 2001, at approximately 9:45 p.m., Texas Department of Public
Safety Trooper Orlando Jacobs initiated a traffic stop of a car, because he noticed an
inoperable license plate lamp and that neither of the two occupants in the car was
wearing his seatbelt. After Jacobs stopped the car, he approached the driver’s side
window where he smelled a strong odor of alcohol coming from the driver, John G.
Curry. Jacobs also noticed that Curry had bloodshot eyes and slurred speech. Jacobs
asked Curry to get out of the car. When Jacobs asked Curry how much he had had
to drink, Curry replied that he did not know, but he just had a few beers. Curry told
Jacobs he and his passenger were visiting in Houston, and he showed Jacobs a
Mississippi driver’s license. Jacobs then performed field sobriety tests to determine
whether Curry was able to drive. While Jacobs performed these tests on Curry,
Jacobs asked appellant, the passenger, to sit in the back seat of Jacobs’s patrol car for
safety reasons. After Curry failed the sobriety tests, Jacobs arrested Curry for driving
while intoxicated and placed him in the back of Jacobs’s patrol car. 
           Trooper Jacobs then questioned appellant to determine if he could drive the
car. Jacobs smelled alcohol on appellant and noticed that appellant’s eyes were
bloodshot. Appellant, who also had a Mississippi driver’s license, failed the field
sobriety tests and did not appear capable of driving. 
          When Trooper Jacobs questioned Curry and appellant separately about how
long and where they had stayed in Houston, the two men gave conflicting answers.
Jacobs asked appellant whether the car contained any alcohol. Instead of answering,
appellant looked down and looked away. Jacobs asked again whether the car
contained alcohol or contraband and appellant replied, “Why?” When Jacobs asked
for consent to search the car, appellant refused. Jacobs then explained to appellant
that Jacobs would ask for a canine unit to come out and perform a search. Appellant
still refused to consent to the search. When the canine unit arrived, the dog alerted
the troopers to the driver’s side door and to the rear passenger side. Trooper Jacobs
and the dog handler searched the car and found a garment bag in the rear seat
containing 386.86 grams of marihuana and 70.97 grams of cocaine, wrapped in
individual baggies.


SUFFICIENCY
          In two points of error, appellant contends that the evidence was legally and
factually insufficient to affirmatively link him to the marihuana and cocaine found in
the garment bag in his car. 
Standards of Review
          When evaluating the legal sufficiency of evidence, an appellate court must
view the evidence in the light most favorable to the jury’s verdict and determine
whether any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003). When reviewing the factual sufficiency of the evidence, an
appellate court will set aside a verdict if, after viewing all of the evidence, both for
and against the verdict: (1) the evidence is so weak as to be clearly wrong and
manifestly unjust, or (2) if the finding, although adequate if taken alone, is against the
great weight and preponderance of the available evidence. Id. at 102. We may not
substitute our judgment for that of the fact finder, and we may set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence that the verdict
is clearly wrong and unjust. Cedano v. State, 24 S.W.3d 406, 411–12 (Tex. App.—
Houston [1st Dist.] 2000, no pet.). 
Affirmative Links to Cocaine and Marihuana
          To establish the unlawful possession of a controlled substance, the State must
prove that a defendant: (1) exercised care, custody, control, or management over the
contraband and (2) knew that what he possessed was contraband. Tex. Health &
Safety Code Ann. § 481.112(a) (Vernon Supp. 2003); Harmond v. State, 960
S.W.2d 404, 406 (Tex. App.—Houston [1st Dist.] 1998, no pet.). The State may
prove knowing possession by presenting evidence that affirmatively links the
defendant to the controlled substance. Valencia v. State, 51 S.W.3d 418, 423 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d). Although the State need not prove that
the accused exercised exclusive control over the substance, the mere presence of the
accused at a place where the contraband is found is not enough to establish
possession. Cedano, 24 S.W.3d at 411. Instead, when the accused does not have
exclusive control over the substance, the State must show additional affirmative links
between the accused and the contraband. Id. An affirmative link generates a
reasonable inference that the accused knew of the contraband’s existence and
exercised control over it. Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d.). 
          Some relevant factors which may affirmatively link an accused to contraband
include whether the: (1) contraband was in plain view; (2) accused had convenient
access to the contraband; (3) accused owned the place where the contraband was
found; (4) accused drove the vehicle where the contraband was found; (5) contraband
was found on the side of the car seat where the accused sat; (6) place where the
contraband was found was enclosed; (7) odor of the contraband was present; (8)
paraphernalia to use the contraband was in view of or found on the accused; (9)
conduct by the accused indicated a consciousness of guilt; (10) accused had a special
relationship with the contraband; (11) occupants of the vehicle gave conflicting
statements about relevant matters; (12) physical condition of the accused indicated
recent consumption of the contraband found in the car; and (13) affirmative
statements connect the accused to the contraband. Gilbert v. State, 874 S.W.2d 290,
298 (Tex. App.— Houston [1st Dist.] 1994, pet. ref’d). The number of linking factors
present is not as important as the “logical force” they create to prove the crime was
committed. Roberson, 80 S.W.3d at 735. 
          In this case, the State presented the following circumstantial evidence: (1) the
appellant, despite being seated in the passenger seat, owned the car where Trooper
Jacobs found the cocaine and marihuana; (2) appellant had access to the garment bag
where Jacobs found cocaine and marihuana; (3) appellant admitted ownership of the
garment bag in which the contraband was found;


 (4) Jacobs found the contraband in
an enclosed area—in appellant’s car; (5) appellant’s conduct indicated a
consciousness of guilt when he refused permission to search and then asked Jacobs,
“Why?”; (6) appellant and Curry both gave conflicting statements to Jacobs; and (7)
the amount of narcotics in the garment bag, 70.97 grams of cocaine and 386.86 grams
of marihuana, constituted a large enough quantity for appellant to be aware of their
presence. 
          The logical force of these facts, when taken together, affirmatively link
appellant to the contraband found in the garment bag. Viewing the evidence in the
light most favorable to the verdict, we hold that the evidence was sufficient to enable
a rational trier of fact to conclude that appellant exercised care, custody, control, or
management over the cocaine and marihuana found in the garment bag, and that
appellant knew that he possessed the narcotics. The evidence was legally sufficient
to affirmatively link appellant to the marihuana and cocaine. We overrule point of
error one.
          Appellant argues that Trooper Jacobs’s testimony was unreliable. Appellant
points out that Jacobs failed to include in his offense report the critical fact that
appellant admitted the garment bag belonged to him and a description of the results
of the field sobriety test which lead him to conclude that appellant was intoxicated. 
However, the fact finder is the sole judge of the witness’s credibility and may accept
or reject any or all of the witness’s testimony. Cedano, 24 S.W.3d at 410. Appellant
presented no evidence or credible theory that contradicted Jacobs’s testimony. The
trial court, as the sole fact finder, was free to believe or disbelieve all or part of the
testimony given. Dewberry v. State, 4 S.W.3d 735, 747 (Tex. Crim. App. 1999). 
When viewed in a neutral light, the evidence in the record does not demonstrate that
the proof of appellant’s guilt was so weak as to undermine our confidence in the fact
finder’s determinations that appellant exercised care, custody, control, or management
over the cocaine and marihuana and appellant knew that what he possessed was
contraband. Nor do we find that contrary proof outweighs proof of appellant’s guilt. 
          We hold that the evidence was factually sufficient to affirmatively link
appellant to the marihuana and cocaine. Accordingly, we overrule appellant’s second
point of error. 
Conclusion
           We affirm the judgments of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).