Opinion issued on October 30, 2003

 






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00486-CR




REGINALD ELON SWEED, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 871844




MEMORANDUM OPINION

          Appellant, Reginald Elon Sweed, was charged with possession of a controlled
substance—codeine.


 Appellant pleaded not guilty to the offense. The jury found
appellant guilty as charged, and the trial court assessed his punishment at 10 years’
confinement and a $1,000 fine. In two points of error, appellant challenges the legal
and factual sufficiency of the evidence to sustain his conviction. We affirm.
BACKGROUND
          While Houston Police Department undercover narcotics officer T. Guinnshaver
was conducting surveillance on a “target apartment” suspected of harboring narcotics
dealers, she saw a car pull up and let appellant out. Appellant entered the target
apartment, carrying an empty, or almost empty, Big Red soda bottle. A few minutes
later, appellant left the target apartment with the soda bottle, which then appeared
full. As appellant returned to the car, he attempted to conceal the soda bottle from a
uniformed officer who happened to be nearby on an unrelated matter. Appellant then
got back into the front passenger seat of the car driven by Anthony Long. 
          Suspecting that she had just seen appellant in possession of a controlled
substance, Officer Guinnshaver notified surveillance and patrol officers. Officer
Guinnshaver transmitted the car’s license plate number and a description of appellant
and the bottle he was carrying. HPD Patrol Officers Guiffre and Richard responded,
running the license plate number and initiating a traffic stop based on Long’s
outstanding warrants. Appellant was sitting in the front passenger seat, and a Big
Red soda bottle was found at his feet on the floorboard. Officer Guiffre picked up the
bottle and noticed it smelled like “cough syrup.” The contents of the Big Red soda
bottle appeared darker in color than that of a Big Red soda. Both officers also noticed
a stain on the front of appellant’s shirt that appeared consistent with the color of the
bottle’s contents. The bottle, in fact, contained codeine. 
DISCUSSION
          In two points of error, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction for possession of a controlled substance. Legal Sufficiency
          When both factual and legal sufficiency points of error are raised, we must first
examine the legal sufficiency of the evidence. Roberson v. State, 80 S.W.3d 730, 734
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). When evaluating the legal
sufficiency of evidence to support a conviction, we view the evidence in the light
most favorable to the jury’s verdict and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (en banc); Roberson,
80 S.W.3d at 734. Although our analysis considers all evidence presented at trial, we
may not re-weigh the evidence and substitute our judgment for that of the jury. 
Roberson, 80 S.W.3d at 734. 
           Appellant was convicted of possession of a controlled substance. To establish
the unlawful possession of a controlled substance, the State must prove that
appellant: (1) exercised care, custody, control, or management over the contraband,
and (2) knew that what he possessed was contraband.  Tex. Health & Safety Code
Ann. §§ 481.002(38); 481.115(a), (f) (Vernon 2003); Harmond v. State, 960 S.W.2d
404, 406 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  The State may prove
knowing possession by presenting evidence that affirmatively links the defendant to
the controlled substance.  Valencia v. State, 51 S.W.3d 418, 423 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d).  Although the State need not prove that
the accused exercised exclusive control over the substance, the mere presence of the
accused at a place where the contraband is found is not enough to establish
possession.  Cedano v. State, 24 S.W.3d 406, 411(Tex. App.—Houston [1st Dist.]
2000, no pet.). Instead, when the accused does not have exclusive control over the
substance, the State must show additional affirmative links between the accused and
the contraband. Id.  An affirmative link generates a reasonable inference that the
accused knew of the contraband’s existence and exercised control over it.  Roberson,
80 S.W.3d at 735. 
          Some relevant factors that may affirmatively link an accused to the contraband
include whether: (1) the contraband was in plain view; (2) the accused had convenient
access to the contraband; (3) the accused owned the place where the contraband was
found; (4) the accused drove to the place where the contraband was found; (5) the
contraband was found on the side of the car seat where the accused sat; (6) the place
where the contraband was found was enclosed; (7) the odor of the contraband was
present; (8) paraphernalia to use the contraband was in view of or was found on the
accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the
accused had a special connection to the contraband; (11) the occupants of the vehicle
gave conflicting statements about relevant matters; (12) the physical condition of the
accused indicated the recent consumption of the contraband found in the car; and (13)
affirmative statements connect the accused to the contraband.  Gilbert v. State, 874
S.W.2d 290, 298 (Tex. App.— Houston [1st Dist.] 1994, pet. ref’d).  The number of
linking factors present is not as important as the “logical force” they create to prove
the crime was committed by the accused.  Roberson, 80 S.W.3d at 735.
          In this case, the State presented the following evidence: (1) appellant was seen
carrying an empty, or almost empty, Big Red soda bottle into an apartment under
surveillance for narcotics transactions; (2) appellant was seen leaving the apartment
a few minutes later, carrying a full Big Red soda bottle; (3) appellant attempted to
conceal the soda bottle from a nearby uniformed officer; (4) Officer Guiffre found the
Big Red soda bottle on the floorboard at appellant’s feet on the passenger side of the
car where appellant was seated during a traffic stop initiated “in close proximity to
the apartment”; (5) Officer Guiffre noticed that the contents of the bottle smelled like
“cough syrup”; (6) both officers noticed a stain on the front of appellant’s shirt
consistent with the color of the bottle’s contents; and (7) the substance in the bottle
was identified as codeine. Taking the evidence in the light most favorable to the
verdict, a rational fact finder could have found that appellant exercised care, custody,
control or management over the contraband and that appellant knew the substance
possessed was contraband. See Tex. Health & Safety Code Ann. § 481.115(a),
(d). We conclude that the evidence was legally sufficient. 
          We overrule appellant’s first point of error.
Factual Sufficiency
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim.
App. 2003). When conducting our analysis, if there is probative evidence supporting
the verdict, we must avoid substituting our judgment for that of the trier of fact, even
when we disagree with the determination. King v. State, 29 S.W.3d 556, 563 (Tex.
Crim. App. 2000) (en banc). The trier of fact is the sole judge of the weight and
credibility of the witness’s testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000) (en banc). 
          Here, the State presented testimony from Officer Guinnshaver identifying
appellant as the individual carrying the soda bottle in and out of the target apartment. 
Officers Guiffre and Richard identified appellant as the individual sitting in the front
passenger seat of the car with the soda bottle at his feet. HPD chemist Connie
Dieringer testified that the substance in the bottle was identified as codeine. 
          Appellant argues that the testimony of the arresting officers during the trial was
contradictory and inconsistent, and that it failed to prove appellant possessed a
controlled substance. Specifically, appellant contends that the testimony from Officer
Guinnshaver was “muddied” when she explained that she “mixed-up” her description
of appellant’s clothing with that of Long’s clothing when writing the offense report. 
In court, however, Officer Guinnshaver identified appellant as the individual carrying
the soda bottle in and out of the target apartment. Moreover, appellant admits that
“the mix-up was clarified by the officer through her in-court identification of
[a]ppellant.” 
          Appellant also complains that the testimony of the patrol officers was “full of
doubts and inconsistencies since neither officer wrote an offense report on the case,
neither could recall the facts of the actual case.” In court, however, Officers Guiffre
and Richard identified appellant as the individual sitting in the front passenger seat
of the car, with the soda bottle at his feet. Moreover, appellant admits that, “[g]iven
such testimony, the State proved through admittedly sloppy police work, the police
were able to eventually link a bottle of codeine to [a]ppellant.” (emphasis added). 
          Mindful that the jury is charged with the responsibility of determining witness
credibility and resolving conflicts in the evidence, we are to reverse only if, upon
viewing all of the evidence and taking into account all reasonable inferences, we find
the verdict is so against the great weight and preponderance of the evidence as to be
manifestly wrong and unjust or proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination. Harmond, 960 S.W.2d at 407; see Zuliani,
97 S.W.3d at 593-94. In this case, the jury weighed the credibility of the witnesses
and judged the evidence as it saw fit. See id. Viewing the evidence neutrally, we
conclude that the jury decided, in this case, to believe the arresting officers’
testimony. Appellant has failed to show that the verdict is so contrary to the
overwhelming weight of evidence as to be manifestly wrong or unjust or that proof
of guilt is so obviously weak as to undermine confidence in the jury’s determination. 
Accordingly, we overrule appellant’s second point of error. 
CONCLUSION
We affirm the judgment of the trial court.

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.
Do not publish. Tex. R. App. P. 47.4.