Opinion issued December 27, 2002.















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00411-CR
NO. 01-02-00412-CR




KENDRICK LEE BOYD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 885126, 885125




O P I N I O N

          In two separate causes, a jury convicted appellant, Kendrick Lee Boyd, of
possession of less than 1 gram of phencyclidine (“PCP”) and possession with intent
to deliver between 4 and 20 grams of cocaine. The court assessed punishment at 1
year in state jail for possession of PCP, and 25 years in prison for possession of
cocaine. Appellant challenges his convictions by claiming that the evidence
presented was insufficient to support them. We affirm.Background
          On the evening of August 14, 2001, officers of the Houston Police Department
responded to an anonymous tip that appellant was dealing drugs out of the trunk of
a car in the apartment complex where his mother resided. The apartment complex in
which appellant’s mother resided had been visited by police on several prior
occasions. In addition, both appellant and his car, a maroon 1985 Cadillac
Fleetwood, were known to the police from past drug investigations, and appellant had
previously told police officers that the maroon Cadillac belonged to him. As the
officers drove into the complex, they saw a number of people, including appellant,
standing near the maroon Cadillac, which was parked in front of appellant’s mother’s
apartment. When the officers, in marked police cars, drove into the complex, two
men broke off from the group and ran towards a wooden fence at the edge of the
apartment complex. These men were turned back by the presence of officers on the
other side of the fence and were brought back to be interviewed with the rest of the
group surrounding the car. As the officers approached the group, appellant, who had
been standing next to the Cadillac, began to slowly move away from the car, moving
in the direction of his mother’s apartment.
          The officers searched the group for weapons and as a safety precaution,
removed a set of keys from appellant’s front shorts pocket. By inserting one of the
keys from the appellant’s pocket into the Cadillac’s door, the officers determined that
the keys from appellant’s pocket fit the Cadillac. 
          Sergeant Stephen Casko testified at trial that, after finding the keys in
appellant’s pocket, he requested permission from appellant to search the Cadillac. 
Appellant instead gave Officer Casko permission to search another car parked a short
distance away. When Officer Casko again requested permission to search the
Cadillac, appellant refused to answer. After a narcotics dog indicated that the trunk
of the Cadillac contained narcotics, the officers opened the trunk of the car. In the
trunk, officers found bags of crack cocaine, nine small glass vials containing trace
amounts of PCP, two eyedroppers, and a pistol. A further search of the car’s interior
revealed two marijuana cigars hidden inside a door panel.
          At trial, appellant testified that the car in which the drugs were found did not
belong to him. He stated that he had sold the Cadillac, which had been inoperable for
several months, to Michael Brown, another resident of the apartment complex, several
months before the evening in question, and that Brian Brown, a nephew of Michael
Brown, was among the group of men standing by the Cadillac. Appellant testified
that the keys the officers used to open the Cadillac were not recovered from his
pocket, but were instead recovered when the officers searched and arrested Brian
Brown for traffic tickets. Appellant’s mother and the manager of the apartment
complex also testified that appellant had stated before that night that he had sold the
car when asked to either move it or have it towed away. Officer M.R. Burdick
testified at trial that, during the initial pat-down search in which the keys were
removed from appellant’s pocket, appellant told him he had sold the car to someone
else. Officer Burdick confirmed, however, that the Cadillac keys were recovered
from appellant’s pocket.
          Appellant’s fingerprints were not found on any of the evidence recovered from
the Cadillac. 
Discussion
          On appeal, appellant challenges the legal and factual sufficiency of the
evidence presented by the State. Specifically, appellant claims the evidence was
insufficient to (1) affirmatively link him to the cocaine and PCP found in the trunk
of the Cadillac, (2) establish that he knowingly possessed the PCP, and (3) establish
that he possessed the cocaine with the intent to deliver it to another person.
 
Legal and Factual Sufficiency
          When evaluating the legal sufficiency of the evidence, we must view the
evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Our
review of the factual sufficiency of the evidence requires us to ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Id. at 563; Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).
 Affirmative Links to PCP and Cocaine
          To establish the unlawful possession of a controlled substance, the State must
prove that the defendant: (1) exercised care, custody, control, or management over the
contraband; and (2) knew that what he possessed was contraband. Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Cedano v. State, 24 S.W.3d 406, 411 
 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The State may prove that a
defendant knowingly possessed a controlled substance by presenting evidence that
affirmatively links the defendant to the controlled substance. Brown, 911 S.W.2d at
748; Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.Houston [1st Dist.] 2001,
pet. ref’d). Some relevant factors which may affirmatively link the accused to the
drugs include whether the drugs were in plain view or conveniently accessible to the
accused, whether the drugs were found in an enclosed space, and whether the
accused’s conduct indicated a consciousness of guilt. See, e.g., Hurtado v. State, 881
S.W.2d 738, 743 n.1 (Tex. App.—Houston [1st Dist.] 1994, no writ). In addition,
ownership of the vehicle in which the drugs are found may connect the accused to the
contraband. Guiton v. State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987). Finally, the
individual number of factors linking the accused to the drugs is not as important as
the logical force they create to prove that the crime was committed. Hurtado, 881
S.W.2d at 743.
          In this case, the following circumstantial evidence was presented: (1) the car
in which the drugs were found had previously been identified by appellant as
belonging to him; (2) the drugs were found in an enclosed space, a locked car truck,
and the keys to that car trunk were found in appellant’s pants pocket; (3) the car in
which the drugs were found had been parked in front of appellant’s mother’s
apartment for several months; (4) appellant attempted to distance himself from the car
by moving away from it as the police approached; (5) the trunk of the Cadillac also
contained drug paraphernalia and a firearm; and (6) when Officer Casko requested
permission to search the Cadillac, appellant again attempted to distance himself from
the Cadillac by giving the officers permission to search another car located a short
distance away. 
          When both the legal and factual sufficiency of the evidence are challenged, we
first review the legal sufficiency of the evidence. Harmond v. State, 960 S.W.2d 404,
406 (Tex. App.Houston [1st Dist.] 1998, no pet.). Viewed in the light most
favorable to the verdict, the evidence was sufficient to enable a rational trier of fact
to find beyond a reasonable doubt that appellant exercised care, custody, control, or
management over the cocaine and PCP found in the Cadillac, and that appellant knew
what he possessed was contraband. Appellant had previously identified the Cadillac
as belonging to him, the Cadillac was parked in front of his mother’s apartment, he
was observed by police in close proximity to the Cadillac trunk, the keys to the
Cadillac’s trunk were found in his pocket, and his behavior after the police arrived
indicated that he knew the Cadillac’s trunk contained contraband. 
          Similarly, in reviewing the factual sufficiency of the evidence, we cannot say
that the evidence, viewed in a neutral light, demonstrates that the proof of appellant’s
guilt is so obviously weak as to undermine confidence in the jury’s determinations
that appellant exercised care, custody, control, or management over the cocaine and
PCP found in the Cadillac, and that appellant knew what he possessed was
contraband, nor is the proof of appellant’s guilt is greatly outweighed by contrary
proof. Other than appellant’s flat denial, no credible theory was presented to explain
why the keys to the Cadillac were recovered from his pocket. What weight to give
contradictory testimonial evidence is within the sole province of the jury, because it
turns on an evaluation of credibility and demeanor. Cain v. State, 958 S.W.2d 404,
408-09 (Tex. Crim. App. 1997). Thus, the jury was free to believe or disbelieve all
or any part of appellant’s or the police officer’s testimony. A jury decision is not
manifestly unjust merely because the jury resolved conflicting testimony in favor of
the State, and we will not substitute our judgment for that of the jury. Id. at 410. We
hold the evidence was factually sufficient to support the jury’s finding of guilt.
Knowing Possession of PCP
          Appellant further argues that the evidence presented was legally and factually
insufficient to prove that he knowingly possessed the trace amounts of PCP contained
in the nine glass vials recovered from the Cadillac’s trunk. To be convicted for
unlawful possession of a controlled substance, a defendant is not required to possess
a usable amount of a controlled substance. Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995). There is also no requirement that the substance be visible
to the naked eye. Id. When the quantity of a substance is so small it cannot be
measured, there must be evidence other than mere possession to prove the defendant
knew the substance in his possession was a controlled substance. Id.; King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1995).
          Here, the following circumstantial evidence shows that appellant knew the
vials contained PCP: (1) the glass vials were found with two eyedroppers, which
Officer Burdick testified are commonly used to add doses of PCP to marijuana cigars
such as the two found in the door panel of the car; (2) the PCP was found in the
presence of other narcotics and a handgun; and (3) the glass vials contained a visible
residual coating of PCP. Viewed in the light most favorable to the verdict, the
evidence was sufficient to enable a rational trier of fact to find beyond a reasonable
doubt that appellant knew the glass vials contained PCP. Similarly, when the
evidence is viewed in a neutral light, we cannot say that the it demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or that proof of appellant’s guilt is greatly outweighed by contrary
proof.
Intent to Deliver Cocaine
          Intent to deliver a controlled substance may be proved by circumstantial
evidence, including the evidence surrounding its possession and the quantity of
contraband possessed. Reece v. State, 878 S.W.2d 320, 325 (Tex. App.Houston
[1st Dist.] 1994, no pet.). Circumstantial evidence that courts have considered
includes: (1) the nature of the location at which the defendant was arrested; (2) the
quantity of controlled substance in the defendant’s possession; (3) the manner of
packaging; (4) the presence of drug paraphernalia (for either drug use or sale); and
(5) the defendant’s status as a drug user. See, e.g., Williams v. State, 902 S.W.2d 505,
507 (Tex. App.Houston [1st Dist.] 1994, pet. ref’d). Additionally, this Court has
held that possession of a large quantity of narcotics, coupled with a police officer’s
expert witness testimony as to the amount of narcotics a user would normally and
customarily possess for personal use, is sufficient to show possession with intent to
deliver. Morrow v. State, 757 S.W.2d 484, 487-88 (Tex. App.Houston [1st Dist.]
1988, pet. ref’d).
            The evidence presented at trial was legally and factually sufficient to prove
that appellant possessed the cocaine found in the car’s trunk and intended to deliver
it to another person. The evidence at trial established the following: (1) the apartment
complex in which appellant was arrested was a known location for drug transactions;
(2) the cocaine found in the trunk was in both chunk and “cookie” form, which
Officer Burdick testified was consistent with an intent to sell; (3) the quantity of
cocaine found in the Cadillac’s trunk, between 18.3 and 23.5 grams, was, as Officer
Burdick testified, too great a quantity to be solely for personal use; (4) the cocaine
was found in the presence of other drugs and a handgun, which Officer Burdick
testified was consistent with a drug transaction; (5) the police had received an
anonymous tip that appellant was dealing drugs out of the trunk of his car; and (6)
from prior drug arrests and investigations, the police knew that appellant was a drug
user and drug dealer.
          Viewed in the light most favorable to the verdict, the evidence was sufficient
to enable a rational trier of fact to find beyond a reasonable doubt that appellant
possessed the cocaine with the intent to deliver it to another person. Similarly, when
viewed in a neutral light, we cannot say that the evidence demonstrates that the proof
of appellant’s guilt is so obviously weak as to undermine confidence in the jury’s
determination, nor is it greatly outweighed by contrary proof.
Conclusion
          Accordingly, we affirm the judgments of the trial court. 
 
 
                                                             Frank C. Price



                                                             Justice

Panel consists of Justices Taft, Alcala, and Price.
Do not publish. Tex. R. App. P. 47.4.