Opinion issued May 27, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————
 
 


NO. 01-09-00431-CR

————————————
 
 


BEREATA JEANETTE lAWS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1548077

 


 
 

 
 
 



MEMORANDUM OPINION

A jury found appellant, Bereata
Jeanette Laws, guilty of the offense of possession of marijuana in a usable
quantity under two ounces,[1]
and the trial court assessed her punishment at confinement for three days.  In four points of error,[2]
appellant contends that the trial court erred in denying her motion to suppress
evidence and the evidence is legally and factually insufficient to support her
conviction.

          We
affirm.

Background

Houston Police Department (“HPD”) Officer
M. Brady testified that on September 3, 2008, at approximately 1:20 a.m., he saw
appellant drive a car out of a driveway and onto a street.  Appellant, without turning on the headlights of
the car, proceeded about one-half of a block before turning the headlights on.  Brady considered driving without headlights to
be a “classic sign” of driving while intoxicated, and he activated the
emergency lights on his marked patrol car and initiated a traffic stop.  Appellant immediately pulled her car to the
side of the road.  

HPD Officer K. Snyder testified that she
and Officer Brady stopped appellant for driving the car at night without the
headlights on.  After appellant had
stopped the car, Snyder approached the passenger’s side of the car while Brady
approached the driver’s side.  When
Snyder reached the passenger’s door, she, using her flashlight, looked into the
open window and saw on the passenger’s seat a “translucent,” “yellowish brown
grocery type bag.”  She could see that
the bag contained a “green leafy substance” with stems “poking out” that, from
her training and experience, she immediately recognized as marijuana.  Brady removed appellant from the car while Snyder
confiscated the “torn” “piece of a grocery bag,” opened it, and confirmed that
it contained marijuana.  Brady then
arrested appellant.  On
cross-examination, Snyder could not identify the contents of similar
grocery-type bags offered for demonstrative purposes by appellant.

Motion to Suppress Evidence

          In
her first and second points of error, appellant argues that the trial court erred
in denying her motion to suppress evidence of the marijuana seized from her car
because it was “obtained as the result of an unlawful traffic stop” and it was
not in plain view.  

We review a ruling on a motion to
suppress evidence for an abuse of discretion.  Shepherd
v. State, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We generally consider only the evidence
adduced at the suppression hearing unless the parties consensually re-litigate
the issue at trial, in which case we also consider relevant trial
testimony.  Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).  We give almost total deference to a trial
court’s determination of historical facts, especially if those determinations
turn on witness credibility or demeanor, and review de novo the trial court’s
application of the law to facts not based on an evaluation of credibility and
demeanor.  Neal v. State, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  At the suppression hearing, a trial court is
the sole and exclusive trier of fact and judge of the witnesses’ credibility.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Accordingly, a trial court may choose to
believe or to disbelieve all or any part of a witnesses’ testimony.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Unless a trial court abuses its discretion by
making a finding unsupported by the record, we defer to its findings of fact
and will not disturb them on appeal.  Flores v. State, 177 S.W.3d 8, 13–14
(Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  When a trial court fails to make explicit
findings of fact, we imply fact findings that support the trial court’s ruling
so long as the evidence supports these implied findings.  Gutierrez
v. State, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). 

At the conclusion of the suppression
hearing, the trial court orally found[3]
that the “pieces of grocery bag material” were “transparent” and it could see
“a dark leafy substance with what appeared to be stems kind of poking in the
material,” as did Officer Snyder.  The
court also found that Snyder’s observation “was sufficient for [Snyder] to
believe that the plastic bag material that was wrapped around this object, that
the item was in fact marijuana.”

Reasonable Suspicion

Generally, a police officer’s
decision to stop a car is reasonable when the officer has probable cause to
believe that a traffic violation has occurred. Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (citing Whren v. United States, 517 U.S. 806,
810, 116 S. Ct. 1769, 1772 (1996)).  With
an objectively valid reason for a traffic stop, the constitutional
reasonableness of the stop does not depend on the actual motivations of the
officer.  See Whren, 517 U.S. at 813, 116 S. Ct. at 1774.

The Texas Transportation Code
provides that “[a] vehicle shall display each lighted lamp . . . required . . .
to be on the vehicle . . . at nighttime.”  Tex. Transp. Code Ann. § 547.302(a)(1)
(Vernon 1999).  Officers Brady and Snyder
both testified that they stopped appellant because they saw her drive her car out
of a driveway and continue about one-half of a block down a street without activating
the headlights.  Appellant asserts that “from
the standpoint of an objectively reasonable person so situated as was the
police officer, this five second drive out of a residential driveway before
activating the car headlights does not amount to reasonable suspicion
sufficient to justify an investigatory detention.”  However, the statute contains no distance or
time qualifiers, which the legislature could have included had it so
desired.  See, e.g., Tex. Transp. Code. Ann. § 545.104
(Vernon 1999) (“An operator intending to turn a vehicle right or left shall
signal continuously for not less than the last 100 feet of movement of the
vehicle before the turn.”).  The evidence
showed that it was nighttime and appellant drove her car on a street without its
headlights illuminated.  Any subjective
motives of Officer Brady or Officer Snyder for the stop are not relevant.  See
Whren, 517 U.S. at 813, 116 S. Ct. at 1774. 
Accordingly, the evidence supports the trial court’s conclusion that Officers
Brady and Snyder’s detention of appellant was reasonable.  See Walter,
28 S.W.3d at 542.

Plain View[4]

Warrantless searches violate the
Fourth Amendment and are per se unreasonable unless an exception, such as
“plain view,” applies.  Walter, 28 S.W.3d at 541.  A police officer may seize an item in “plain
view” if she (1) is legally present when she sees the item and (2) “immediately
recognizes” the item as evidence such that she has probable cause to “associate
the item with criminal activity.”  Ramos v. State, 934 S.W.2d 358, 365
(Tex. Crim. App. 1996).  A police
officer’s observation of a traffic violation establishes probable cause to stop
a car and, thus, provides the officer with a lawful vantage point from which
she can look through the windows of a car into its interior.  Texas
v. Brown, 460 U.S. 730, 739–40, 103 S. Ct. 1535, 1542 (1983); Walter, 28 S.W.3d at 544–45.  To “immediately recognize” an item as
evidence of criminal activity, a police officer need not have actual knowledge
that the item is contraband, but she must have “probable cause to associate the
[item] with criminal activity.”  Brown, 460 U.S. at 741–42, 103 S. Ct. at
1543; Joseph v. State, 807 S.W.2d
303, 308 (Tex. Crim. App. 1991).  A
police officer may use her training and experience in determining whether an
item in plain view is contraband.  Brown, 460 U.S. at 746, 103 S. Ct. at
1545 (Powell, J. concurring) (citing to United
States v. Cortez, 449 U.S. 411, 418, 101 S. Ct. 690, 695 (1981)); Joseph, 807 S.W.3d at 308.

Because Officers Brady and Snyder had
reasonable suspicion to detain appellant for the traffic violation of driving
at night without headlights illuminated, the officers could lawfully look into
appellant’s car as they conducted the traffic stop.  Walter,
28 S.W.3d at 544–45 (police officer conducting traffic stop could lawfully look
into defendant’s truck).  Appellant
argues that because it was “very dark outside” when the traffic stop occurred,
Officer Snyder had to use her flashlight and could not recall whether the bag
that she had seized was open, closed, tied, untied, or double-bagged.  She further argues that, because Snyder, in
court, could not identify the contents of similar bags, she “could not have
seen the marijuana in plain view” during the traffic stop.  Appellant asserts that “the marijuana was not
clearly visible without removing the bag from the car and opening it to examine
the contents.”  However, Officer Snyder
testified that she had, on “many occasions,” seen marijuana in plastic bags and,
here, she immediately identified as marijuana the “green leafy substance” in
the “transparent” plastic bag lying on the passenger’s seat of appellant’s car.  Snyder was not required to demonstrate that
her belief that the bag contained marijuana was “more likely true than false,” only
that she had probable cause to associate the contents of the bag with
contraband.  Brown, 460 U.S. 730 at 742, 103 S. Ct. at 1543.  The evidence of Snyder’s experience with
narcotics and the transparency of the bag, along with her testimony that during
the traffic stop she saw “leaves, stems, and seeds,” supports the trial court’s
conclusion that Snyder saw the bag and its contents in plain view and had
probable cause to believe that the bag contained marijuana.  

Accordingly, we hold that the trial
court did not err in denying appellant’s motion to suppress evidence of
marijuana seized from her car.

We overrule appellant’s first and
second points of error.

Sufficiency of the Evidence

In her third and fourth points of
error, appellant argues that the evidence is legally and factually insufficient
to support her conviction because “the State failed to prove, beyond a
reasonable doubt, that she intentionally or knowingly possessed marijuana in a
usable quantity.”

We review the legal sufficiency of
the evidence by considering all of the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307, 318–19,
99 S. Ct. 2781, 2788–89, (1979)).  In
doing so, we give deference to the responsibility of the fact-finder to fairly
resolve conflicts in testimony, to weigh evidence, and to draw reasonable
inferences from the facts.  Id.  Our duty requires us to “ensure that the
evidence presented actually supports a conclusion that the defendant committed”
the criminal offense of which she is accused.  Williams,
235 S.W.3d at 750 

In a factual sufficiency review, we
view all the evidence in a neutral light, both for and against the finding, and
set aside the verdict if the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, i.e., that the verdict seems
“clearly wrong and manifestly unjust,” or the proof of guilt, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).  We note that a jury is in the best position to
evaluate the credibility of witnesses, and we afford due deference to the jury’s
determinations.  Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  Although we should always be “mindful” that a
jury is in the best position to decide the facts and that we should not order a
new trial simply because we disagree with the verdict, it is “the very nature
of a factual-sufficiency review that . . . authorizes an appellate court,
albeit to a very limited degree, to act in the capacity of a so-called
‘thirteenth juror.’”  Watson, 204 S.W.3d at 414, 416–17.  Thus, when an appellate court is “able to say,
with some objective basis in the record, that the great weight and preponderance of the (albeit legally sufficient)
evidence contradicts the jury's verdict[,] . . . it is justified in exercising
its appellate fact jurisdiction to order a new trial.”  Id.
at 417.

An individual commits the offense of possession
of marijuana if she “knowingly or intentionally possesses a usable quantity of
mari[j]uana” in the amount of “two ounces or less.”  Tex.
Health & Safety Code Ann. § 481.121(a), (b)(1) (Vernon Supp. 2009).  To prove possession, the State must prove
that the accused (1) exercised actual care, custody, control, or management
over the substance and (2) knew that the matter possessed was a controlled
substance.  Tex. Penal Code Ann. § 1.07(39) (Vernon Supp. 2009); Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006).  Possession is a
“voluntary act if the possessor knowingly obtains or receives the thing
possessed or is aware of his control of the thing for a sufficient time to
permit him to terminate his control.”  Tex. Penal Code Ann. § 6.01(b) (Vernon
2003). 

If the contraband is not found on the
accused’s person, independent facts and circumstances may “link” the accused to
the contraband such that it may be justifiably concluded that the accused
knowingly possessed the contraband.  Evans, 202 S.W.3d at 1610–62; Roberson v. State, 80 S.W.3d 730, 735
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Among the many possible factors that we may
consider in assessing the link between a defendant and contraband are whether the
narcotics were (1) in plain view; (2) conveniently accessible to the accused;
(3) in a place owned, rented, possessed or controlled by the accused; (4) in a
car driven by the accused; (5) found on the same side of the car as the
accused; or (6) found in an enclosed space; and whether (7) the odor of
narcotics was present; (8) drug paraphernalia was in view of or found on the
accused; (9) the accused’s conduct indicated a consciousness of guilt (e.g.,
furtive gestures, flight, conflicting statements); (10) the accused had a
special relationship to the drug; (11) the accused possessed other contraband
or narcotics when arrested; (12) the accused was under the influence of
narcotics when arrested; (13) affirmative statements connected the accused to
the drug; (14) the accused’s presence; and (15) the accused was found with a
large amount of cash.  Evans, 202 S.W.3d at 162 n.12; Roberson, 80 S.W.3d at 735 n.2; Villegas v. State, 871 S.W.2d 894, 897
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  The number of linking factors present is not
as important as the “logical force” they create to prove that an offense was
committed.  Roberson, 80 S.W.3d at 735.  The
absence of various links does not constitute evidence of innocence to be
weighed against the links present.  Hernandez v. State, 538 S.W.2d 127, 131
(Tex. Crim. App. 1976); James v. State, 264 S.W.3d 215, 219 (Tex. App.—Houston
[1st Dist.] 2008, pet. ref’d).

In support of her arguments that the
evidence is legally and factually insufficient to support her conviction,
appellant asserts that it was very dark at the time of the traffic stop; there
were no street lights; Officer Snyder’s flashlight only illuminated “a small
circular area”; the bag containing the marijuana was “yellowish”; Snyder could
not recall if the bag was double-wrapped nor identify the contents of “similar”
demonstrative bags despite the bright lighting in the courtroom; the
photographs admitted into evidence show that the bag was not translucent; no
evidence established that appellant owned the car, had a large amount of cash,
had other contraband or drug paraphernalia on her person, was intoxicated, had
a special connection to the marijuana, or exhibited a consciousness of guilt;
and there was no odor of marijuana in the car. 
The State counters that appellant was the driver and sole occupant of
the car in which the marijuana was found in close physical and visual proximity
to appellant and the marijuana was in plain view on the passenger’s seat.

The facts in this case are similar to
those in Harmond v. State, where the evidence
established that the defendant was the sole occupant and driver of a car in
which cocaine in a makeshift crack pipe was found in plain view on the
floorboard between the bucket seats closest to the driver’s seat.  960 S.W.2d 404, 405 (Tex. App.—Houston [1st
Dist.] 1998, no pet.).  There, the court held
the evidence was legally sufficient to support the defendant’s conviction for
possession of cocaine.  Id. at 407; see also Hyett v. State, 58 S.W.3d 826, 831–32 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d) (evidence sufficient to show knowing possession
where defendant was sole occupant of car that he controlled but did not own, crack
pipe was not present just before defendant entered car, and contraband was in
plain view and in close proximity to defendant).  

Here, viewing the evidence in the
light most favorable to the verdict, appellant was the driver and sole
passenger in a car where a plastic bag containing marijuana was found in plain
view on the passenger’s seat next to her, making it conveniently accessible.  Proof that appellant owned the car was not
necessary as appellant’s sole control of the car linked her to the marijuana.  See Hyett,
58 S.W.3d at 831.  We conclude that the
evidence is sufficient such that a rational trier of fact could have found that
appellant knowingly possessed the marijuana. 
See Harmond, 960 S.W.2d at 406.  That,
as appellant asserts, other links are absent does not affect the logical force of
the evidence that shows that appellant knowingly possessed the marijuana.  See James,
264 S.W.3d at 219; Roberson, 80
S.W.3d at 735.  Accordingly, we hold that
the evidence is legally sufficient to support appellant’s conviction.

Viewing the evidence in a neutral
light, it is true that no evidence established that appellant owned the car
that she drove or that she had been the only one to have driven the car that
day.  Also, Officer Snyder did not
testify that she smelled marijuana, and it was dark outside when appellant had
entered the car.  However, the fact that
appellant was the driver and sole occupant of the car supports an implied
finding that she knowingly possessed the bag of marijuana, which was within
plain view and in arm’s reach on the passenger’s seat next to her.  See
Harmond, 960 S.W.2d at 406.  We conclude that this evidence is not so
obviously weak such that the verdict is clearly wrong and manifestly unjust, or
that the proof of guilt is against the great weight and preponderance of the
evidence. Accordingly, we hold that the evidence is factually sufficient to support
appellant’s conviction.

We overrule appellant’s third and
fourth points of error.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Justices Jennings, Hanks, and Bland.

 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See
Tex. Health & Safety Code Ann.
§ 481.121(a), (b)(1) (Vernon Supp. 2009).

 





[2]           Appellant included in her brief two
separate lists of seven points of error, but she only briefs four points of
error.  We address only those four points
of error that have been briefed.  See Tex
R. App. P. 38.1(i).

 





[3]           Neither party directly addresses
whether the trial court’s oral findings should be considered explicit
findings.  Both appear to ask us to
consider the trial court’s implied findings.

 





[4]           Because the parties re-litigated the
plain view issue at trial, we consider the testimony of the officers at both
the suppression hearing and at trial.  Rachal
v. State, 917 S.W.2d 799,
809 (Tex. Crim. App. 1996).