

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00474-CR

MARIA ANGELES VALENTIN                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 54,418-C

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Maria Angeles Valentin of possession of between 4 and 200 grams of cocaine, and it assessed her punishment at two years' confinement and a fine of $1,000. In a single point, Valentin argues that the evidence is insufficient to support her conviction. We will affirm.

At approximately 1:30 a.m. on May 1, 2013, Valentin was stopped by police for a routine traffic violation. She was the driver and sole occupant of the

---

[1]*See* Tex. R. App. P. 47.4.

vehicle.  Believing that Valentin was intoxicated, one officer asked her to step out of the car and to perform a field sobriety test.  After Valentin passed the test, the officer asked if he could search her vehicle.  Valentin consented to the search without hesitation.  While searching the vehicle, the officer discovered a pouch located within arm's reach of the driver.  Within this pouch were fifteen individualized plastic baggies containing a white substance that was later identified as cocaine.[2]  The officer signaled his partner to place Valentin in handcuffs and then continued with his search.  This subsequent search revealed another single baggie that was consistent with the others, wedged between the driver's sun visor and a multipurpose organizer.  One of the arresting officers noted that dryer sheets had been stuffed inside the visor and around the headliner of the vehicle.

Following the search, officers transported Valentin to the county jail, where they later discovered $305 in varying denominations inside her wallet.  Additionally, during the booking process, Valentin admitted to using cocaine prior to her arrest that night.

At trial, Valentin testified that her sister and boss had driven her vehicle the day of her arrest.  She explained that her sister had a history of drug use, that her boss was known to be involved with drugs, and that she did not know that there was cocaine in her vehicle prior to the search.  She also testified that she

---

[2]Lab testing revealed the contents of the bags amounted to approximately 4.52 grams of cocaine.

2

had a fairly large amount of money in her wallet because she had been paid that day. After being presented with the evidence, the jury found Valentin guilty and assessed her punishment at two years confinement and a fine of $1,000.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).[3] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Dobbs*, 434 S.W.3d at 170; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In determining the sufficiency of the evidence to

---

[3]Valentin directs us to an older factual sufficiency standard, in which an appellate court reviews all evidence in a neutral light; however, in *Brooks v. State*, the Court of Criminal Appeals held that there is no meaningful distinction between the legal sufficiency and factual sufficiency standards. 323 S.W.3d 893, 895, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)). Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id.* Accordingly, we will review Valentin's arguments under this standard and not the standard outlined in her brief.

show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

Valentin argues that the evidence is insufficient to establish that she intentionally or knowingly possessed the cocaine found in her vehicle. Under section 481.115 of the health and safety code, the State must prove that the accused "knowingly or intentionally posse[d] a controlled substance." *See* Tex. Health & Safety Code Ann. § 481.115(a) (West 2010). "Possession" means the accused exercised "actual care, custody, control, or management" over the substance. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014); *see Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Independent facts and circumstances may link the accused to the contraband such that it may be justifiably concluded that the accused knowingly possessed it. *Evans v. State*, 202 S.W.3d 158, 161–62, 166–67 (Tex. Crim. App. 2006). Mere presence at the location where drugs are found is insufficient, by itself, to establish possession. *Id.* at 162. However, when combined with other evidence, either direct or circumstantial, presence or proximity may become sufficient to establish guilt beyond a reasonable doubt. *Id.* Some relevant factors that may link the accused to contraband include:

    (1)   the defendant's presence when a search is conducted;

4

(2) whether the contraband was in plain view;

(3) the defendant's proximity to and the accessibility of the narcotic;

(4) whether the defendant was under the influence of narcotics when arrested;

(5) whether the defendant possessed other contraband or narcotics when arrested;

(6) whether the defendant made incriminating statements when arrested;

(7) whether the defendant attempted to flee;

(8) whether the defendant made furtive gestures;

(9) whether there was an odor of contraband;

(10) whether other contraband or drug paraphernalia were present;

(11) whether the defendant owned or had the right to possess the place where the drugs were found;

(12) whether the place where the drugs were found was enclosed;

(13) whether the defendant was found with a large amount of cash; and

(14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). These factors are non-exclusive. *Id.* Additionally, it is not the number of factors present but the "logical force" they create to prove the crime was committed. *Id.* (citing *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)).

There are multiple factors linking Valentin to possession of the cocaine found in her vehicle. She was the owner of the vehicle in which the cocaine was found, and she was present when the search was conducted. Additionally, one of the arresting officers testified that the majority of the cocaine was within arm's reach of the driver. Moreover, Valentin's eyes were glassy and bloodshot when officers pulled her over, and she admitted to using cocaine earlier that night.

Additional evidence linking Valentin to the cocaine is also present. For example, police officers testified that the dryer sheets were indicative of drug possession because it was common for drug dealers and drug users to use dryer sheets to throw drug dogs off the scent. Additionally, Valentin was the only person inside the vehicle when she was stopped, and an officer testified that the amount of cocaine discovered was substantial enough to infer that a drug user or dealer would not intentionally leave it behind. *See Palmer v. State*, 857 S.W.2d 898, 900–01 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ("Additional factors [to consider] are: whether the defendant was at the place searched at the time of the search; whether other persons were present at the time of the search; and whether the amount of contraband found was large enough to indicate the defendant knew of its existence.").

Valentin appears to argue that the absence of certain factors proves the evidence was insufficient to show guilt beyond a reasonable doubt.

6

We cannot agree. The absence of certain facts and circumstances is not evidence of innocence to be weighed against evidence affirmatively connecting the accused to the contraband. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). It was necessary for the State to link Valentin to the cocaine, but this link "need not be so strong as to exclude every other reasonable hypothesis." *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd) (citing *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995)).

Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that the factors present provide sufficient logical force for a rational jury to have concluded beyond a reasonable doubt that Valentin possessed the cocaine found in her vehicle. *See Jackson*, 443 U.S. at 319, 99 S. Ct. 2789; *Evans*, 202 S.W.3d at 161–62, 166–67; *Hernandez*, 538 S.W.2d at 131; *Olivarez*, 171 S.W.3d at 291–92. We overrule Valentin's sole point and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 10, 2015