ACCEPTED
13-14-00307-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/21/2015 3:03:13 PM
Dorian E. Ramirez
CLERK

CAUSE NO. 13-14-00307-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH SUPREME JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/21/2015 3:03:13 PM
DORIAN E. RAMIREZ
Clerk

ANA DEISI MARTINEZ BANOS., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL OF TRIAL COURT CASE NO. CR-1220-13-A
FROM THE 206TH JUDICIAL DISTRICT OF HIDALGO COUNTY, TEXAS
The Honorable Jaime Tijerina, Presiding

**BRIEF OF STATE/APPELLEE**

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS

MICHAEL W. MORRIS, ASSISTANT
State Bar No. 24076880
Lead Counsel for Appellee

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closer Blvd.
Edinburg, Texas 78539
Telephone:  (956) 318-2300 ext. 781
Telefax:      (956) 380-0407

ATTORNEYS FOR THE STATE

Oral argument is not requested

i

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT in this case is Anan Deisi Martinez Banos.

APPELLANT is represented on appeal by Hon. O. Rene Flores, 320 W. Pecan Blvd., McAllen, Texas 78501.

APPELLANT was represented at trial by Hon Florencio Lopez, 110 S. 12th, Suite L, Edinburg, Texas 78539.

APPELLEE in this case is the State of Texas, by and through her District Attorney for Hidalgo County, the Hon. Ricardo Rodriguez, Jr., Office of Criminal District Attorney, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

APPELLEE is represented on appeal by Hon. Michael W. Morris, Assistant District Attorney for Hidalgo County, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

APPELLEE was represented at trial by Hon. Graciela Reyna, Assistant District Attorney for Hidalgo County, and Hon. Magdalena Hinojosa, Assistant District Attorney for Hidalgo County, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

# TABLE OF CONTENTS

Identification of Counsel and Parties .................................................................. ii

Table of Contents ................................................................................................. iii

Index of Authorities ..............................................................................................v

Notation as to Citation ....................................................................................... vii

Statement of the Case......................................................................................... viii

Issues Presented (Restated)................................................................................ viii

Note as to Oral Argument .................................................................................. viii

Statement of Facts .................................................................................................1

Summary of the Argument....................................................................................4

Argument...............................................................................................................4

I. **There was not a fatal variance between the charge as alleged and the proof at trial** .........................................................................................4

   A. **Standard of Review**.................................................................................4

   B. **Party Liability does not give rise to a fatal variance** ..........................5

II. **The evidence is sufficient to overcome the challenge to denial of motion for directed verdict of acquittal and the claim of evidentiary insufficiency** .................................................................................8

   A. **Standard of Review**.................................................................................9

   B. **The evidence is sufficient to support the jury's verdict** .................. 10

Prayer for Relief.......................................................................... 13

Certificate of Compliance ...................................................... 14

Certificate of Delivery ............................................................ 15

# INDEX OF AUTHORITIES

## Cases

*Barron v. State, 773* S.W.2d 44 (Tex. App. —Houston [1st Dist.] 1989)............7

*Byrd v. State,* 336 S.W.3d 242 (Tex. Crim. App. 2011)......................................4

*Chambers v. State*, 805 S.W.2d 459 (Tex. Crim. App. 1991) .............................9

*Curry v. State,* 30 S.W.3d 394 (Tex. Crim. App. 2000)................................... 10

*Goff v. State*, 931 S.W.2d 537 (Tex. Crim. App. 1995)................................. 5, 10

*Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001*)*............................. 4, 5

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) ......................................9

*Jackson v. Virginia*, 443 U.S. 307 (1979) .............................................................9

*Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) .............................. 6, 10

*Marable v. State*, 85 S.W.3d 287 (Tex. Crim. App. 2002) ............................ 5, 10

*Miranda v. State*, 391 S.W.3d 302 (Tex. App. —Austin 2012 ............................7

*Powell v. State*, 194 S.W.3d 503 (Tex. Crim. App. 2006) ............................. 5, 10

*Rainey v. State*, 2013 WL 692477 (Tex. App. —Austin Feb. 22, 2013)......... 7, 8

*Sorto v. State*, 173 S.W.3d 469 (Tex. Crim. App. 2005) ............................... 5, 10

*Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009) ........................... 10

*Zavala v. State*,
956 S.W.2d 715 (Tex. App.—Corpus Christi 1997, *no pet.*) ...............................8

## Statutes and Rules

TEX. PENAL CODE § 7.01 (2015) ........................................................................ 6, 8

TEX. PENAL CODE § 7.02 (2015) .................................................................. 6, 10, 11

TEX. PENAL CODE § 22.021 (2015) ................................................................. 5, 8, 10

## <u>NOTATION AS TO CITATION</u>

Citation to the record of the case below will be as follows:

1. Citation to the eight volume Reporter's Record (RR) and the one volume Supplemental Reporter' Record (SRR) will be to volume and page, e.g., "2 RR 12" refers to page 12 of volume 2 of the Reporter's Record.

   a. Citation to State's exhibits will be to volume and exhibit, e.g., "8 RR SX 1" refers to State's exhibit one found within volume six of the Reporters Record.

2. Citation to the single-volume Clerk's Record (CR) will be to page only, e.g., "CR 15" refers to page 15 of the Clerk's Record.

3. Citation to Appellant's Brief (AB) will be to page only, e.g., "AB 6" refers to page 6 of the Appellant's Brief.

## STATEMENT OF THE CASE

The State adopts Appellant's Statement of the Case.

## ISSUES PRESENTED

I.    There was not a fatal variance between the charge as alleged and the proof at trial.

II.    The evidence is sufficient to overcome the challenge to denial of motion for directed verdict of acquittal and the claim of evidentiary insufficiency

## NOTE AS TO ORAL ARGUMENT

The State of Texas respectfully submits that oral argument in the case at bar would not serve to enlighten the Court further, because the facts and legal arguments are adequately presented in the briefs and record. The State respectfully submits that oral argument in the instant case is not necessary and should therefore be denied.

The State reserves the right to present oral argument should the Court grant oral argument.

## STATEMENT OF FACTS

Jose Jimenez began sexually abusing his daughter Maritz when she was six years old. 4 RR 128. The abuse began on the night Appellant was in the hospital giving birth to Maritz's brother. 4 RR 128. Jose came into Maritz's room and got undressed her and sexually assaulted her, causing pain. 4 RR 128. Jose would place his "private" in Maritz's privates and have intercourse with Maritz. 4 RR 130. After Appellant returned, Maritz told her what her father, Jose, had done. 4 RR 129. Appellant told her daughter that it wasn't true and that if she told anyone else that it was going to get worse. 4 RR 129. Appellant and Jose had a discussion about what Maritz had told her, and thereafter they both treated Maritz has an enemy or liar. 4 RR 129. Maritz was afraid of both her parents because of the abuse. 4 RR 130.

As time went on, the sexual abuse became more frequent; increasing from every week to nearly every day. 4 RR 130. Maritz would tell her mother about the pain the abuse cause and Appellant would tell her she was she was a dirty girl and did not take her to a doctor. 4 RR 131. When Maritz was eight Appellant began sending Maritz to have sex with Jose. 4 RR 131-32. Appellant told Maritz she needed to be her father's whore. 4 RR 132. This continued after the family moved to the United States when Maritz was 10. 4 RR 133-36. The family moved to Weslaco. 4 RR 134. While living in Weslaco, another man, Silvio

1

Carvajal, lived with the family. 4 RR 134. Carvajal was Appellant's boyfriend. 4 RR 135. Appellant would sleep with Carvajal, while Maritz would sleep with Jose so that he could sexually abuse her. 4 RR 135. Appellant would leave the room to go sleep with Carvajal after Jose began sexually assaulting Maritz. 4 RR 136. Jose was ok with his wife's affair as long as he was allowed to continue abusing Maritz. 4 RR 145. Appellant would send Maritz to Jose so that she could continue her affair. 4 RR 145.

Jose and Appellant trained Maritz and her sibling to say nothing about the abuse going on at home. 4 RR 138. Maritz was 12 when she was pregnant with her first child; it was Appellant who first told Maritz that she was pregnant. 4 RR 139. Appellant knew that Maritz was pregnant by her father Jose. 4 RR 139. However, Appellant told Maritz to lie and say that she had gotten pregnant by having sex with a random guy that she had met. 4 RR 140. Appellant told Maritz to lie because she did not want Jose to go to jail for sexually abusing his daughter, and because it would ruin the family. 4 RR 140. When Appellant took Maritz to the doctors for the pregnancy, Appellant would talk for her. 4 RR 142. After Maritz's first child , Crystal, was born Appellant would treat Crystal like her child. 4 RR 143-44. After the birth, Jose became even more possessive of Maritz. 4 RR 144.

After the birth social workers became involved because Maritz was a minor. 4 RR 147. Before the social workers came for the interview, Appellant coached Maritz on what to say. 4 RR 147. Maritz was to continue with the lie that the father of her child was the random guy she hooked up with. 4 RR 147. Maritz and her siblings were also coached not to discuss Appellant's boyfriend and to say that it was only Appellant Jose and the children living in the apartment. 4 RR 147.

Jose continued sexually abusing Maritz after Crystal's birth. 4 RR 148. Maritz then became pregnant for a second time when she was 13. 4 RR 148. Appellant told Maritz to say that the father of the second child was the same as the first. 4 RR 150.

Crystal was referred to a neurologist by a family physician because of developmental issues. 4 RR 157-58. Appellant held Crystal out to be her child. 4RR 158. The neurologist conducted DNA testing. 4 RR 158. It was from this testing that he doctor determined that Crystal was the product of an incestuous relationship and that the Appellant was not the mother. 4 RR 158. Maritz attempted to commit suicide on two occasions as a result of the stress related to the sexual abuse. 4 RR 150.

After the abuse was discovered, Appellant gave Maritz up for placement into foster care. 4 RR 155. Maritz's children and her siblings remained in her mother's custody. 4 RR 156.

## SUMMARY OF THE ARGUMENT

Any variance in pleading in provide was not material as the only possible variance was between principal and party liability.

The evidence was legally sufficient to show that Appellant aided, encouraged, directed or solicited Jose Jimenez in the Aggravated Sexual Assault of Maritz Jimenez, in that the sexual assault by Jose is undisputed and competent evidence shows that Appellant directed Maritz to accept the abuse by Jose Jimenez and condoned the abuse in exchange for freedom to conduct an affair of her own.

## ARGUMENT

I.  **There was not a fatal variance between the charge as alleged and the proof at trial.**

In her first ground, Appellant claims that a fatal variance exists between the conduct as pled in the indictment and the proof offered at trial.  AB 15. Specifically, Appellant alleges that the indictment alleged penetration of the victim's sex organ with the Appellant's sex organ, while the proof at trial showed that the penetrating sex organ was belonged to the victim's father who also was Appellant's husband. AB at 15-16.

**A. Standard of Review**

A variance exists if the proof at trial differs from the allegations in the charging instrument.  *See Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001)).  A

4

variance is fatal only if the variance was material. *See Gollihar*, 46 S.W.3d 247-48. A variance is material if it "fails to give the defendant sufficient notice [of the offense alleged] or would not bar a second prosecution for the same" offense. *Id*.

### B. Party Liability does not give rise to a fatal variance.

Appellant was charged by indictment with the offense of aggravated sexual assault; in said indictment the State alleged in relevant part that:

> Ana Martinez Banos, herein after styled Defendant, on or about the 1st day of August A.D., 2009, and before the presentment of this indictment, in Hidalgo County Texas, did then and there intentionally or knowingly cause the penetration of the sexual organ of Maritz Jimenez, a child then and there younger than 14 years of age and not the spouse of the defendant or Jose Jimenez, by defendant's sexual organ. CR 6.

This indictment properly alleges the offense of Aggravated Sexual Assault, in that it alleges the penetration of the sexual organ of a child younger than 14 years of age by another's sexual organ. *See* TEX. PENAL CODE § 22.021 (2015). Further, it is clear that the indictment contemplates the party liability as it expressly alleges that the victim was not the spouse of either Jose Jimenez or the Appellant.

It is proper to submit a jury charge under Section 7.02 (a) (2) of the Penal Code, although said concept is not alleged in the indictment. *See, e.g., Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App 2006); *Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005); *Marable v. State*, 85 S.W.3d 287, 287-88 (Tex. Crim. App. 2002); *Goff v. State*, 931 S.W.2d 537, 544 n. 5 (Tex. Crim. App. 1995); *See*

*also* TEX. PENAL CODE § 7.01(c)(2015). Further, the evidence adduced at trial raised the issue of party liability as the evidence suggested that Maritz's sexual organ was penetrated by her father Jose Jimenez and that Jose was aided or abetted in this act by the Appellant. 4 RR 130, 131-32, 150. Under *Malik*, a hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The jury charge under Section 7.02 (a) (2) of the Penal Code was raised by the evidence and was authorized by the indictment.

Appellant's argument that she cannot be guilty of aggravated sexual assault because the proof at trial showed that that Maritz's sexual organ was penetrated by her father Jose Jimenez rather than by Appellant's sexual organ would render party liability inapplicable to sexual assault or aggravated sexual assault. If it was Appellant's sexual organ that penetrated the victim's sexual organ this would always be under principle rather than party liability. For party liability to have any meaning in aggravated sexual assault cases, an individual would have to, acting with intent, solicite, encourage, direct, aid, or attempt to aid another actor to commit the sexual assault; i.e., to have helped another penetrate the victim's sexual organ with the other actor's sexual organ. *See* TEX. PENAL CODE § 7.02(a)(2)(2015). It is clear that party

6

liability is applicable to sexual assault or aggravated sexual assault cases as it has been applied in other cases that have been affirmed on appeal. *See Barron v. State*, 773 S.W.2d 44, 46 (Tex. App.—Houston [1st Dist.] 1989); *Miranda v. State*, 391 S.W.3d 302, 309 (Tex. App.—Austin 2012).

Further, in an unpublished opinion, the Third Court of Appeals in Austin faced a similar claim. *Rainey v. State*, 2013 WL 692477 (Tex. App.--Austin Feb. 22, 2013)(*memorandum opinion*)[1]. The State would submit that this opinion is instructive on the issue. In *Rainey,* the appellant claimed that a fatal variance was caused as the indictment alleged that his sexual organ penetrated the victim's mouth while the proof at trial was that a co-defendant's sexual organ penetrated the victim's mouth. *Rainey*, 2013 WL 692477 at *3. Rainey's claim was that because the indictment alleged *his* sexual organ penetrated the victim's mouth it was a material variance as the State proved that the victim's mouth was penetrated by another assailant's sexual organ. *Id* at *4. This is similar to Appellant's claim in that she is claiming that the indictment at issue in this appeal alleged that *her* sexual organ penetrated Maritz, while the proof at trial was that it was Jose's sexual organ that penetrated Maritz. AB 15. The Third Court of Appeals held that this argument misconstrues the application of the law of parties as its applied in aggravated sexual assault. *Rainey*, 2013 WL 692477 at *4. It further held that

---

[1] The appellant in *Rainey* was a codefendant to the defendant in *Miranda v. State*, 391 S.W.3d 302, 309 (Tex. App. Austin 2012).

7

when properly applying the law of parties to sexual assault a defendant "would be guilty as a party to aggravated sexual assault if he encouraged, directed, aided, or attempted to aid an assailant who, as the principal actor, penetrated K.B.'s mouth with his sexual organ, while that assailant worked in concert with another who also committed sexual assault." *Id.* When applied to the case at hand, Appellant would be guilty as a party to aggravated sexual assault if she encouraged, directed, aided, or attempted to aid an assailant who, as the principal actor, penetrated Maritz's sexual organ with his sexual organ, and it was shown that Maritz was then younger than 14 years old. *See* TEX. PENAL CODE § 7.01, TEX. PENAL CODE § 22.021. The only variance here is between whether Appellant was guilty as a principal or as a party. This variance, if any, is immaterial.

II. **The evidence is sufficient to overcome the challenge to denial of motion for directed verdict of acquittal and the claim of evidentiary insufficiency.**

In her second and third issue[2], Appellant alleges that the evidence was insufficient to prove that she committed the offense as alleged in the indictment.

**A. Standard of Review**

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most

---

[2] As a challenge to denial of a motion for directed verdict of acquittal is, in essence, a challenge to evidentiary sufficiency, the State of Texas will herein address Appellant's claims of error in denial of her directed-verdict motion and Appellant's claim that the evidence is insufficient to sustain conviction in a single issue. *See*, *Zavala v. State*, 956 S.W.2d 715 (Tex. App.—Corpus Christi 1997, *no pet.*).

8

favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

If the record supports conflicting inferences, the reviewing court must presume that the fact-finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13.

Finally, it is well established that the fact-finder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The sufficiency of the evidence is measured by the elements of

the offense as defined by a hypothetically-correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240.

## B. The evidence is sufficient to support the jury's verdict.

Under Texas Penal Code section 22.021, a person commits the offense of Aggravated Sexual Assault if, they cause the penetration of the sexual organ of a child younger than 14 by any means. *See* TEX. PENAL CODE § 22.021. As she was charged in the indictment the Stated was limited to the theory that said penetration was caused by a sexual organ. CR 6. To prove that Appellant was guilty of Aggravated Sexual Assault, under a party theory, the State was required to show that he was criminally responsible for the actions of another under the law of parties. *See* TEX. PENAL CODE ANN § 7.02. As previously stated, it is proper to submit a jury charge on Section 7.02 (a) (2), although that concept is not alleged in the indictment. *See, e.g., Powell*, 194 S.W.3d at 506; *Sorto*, 173 S.W.3d at 476; *Marable*, 85 S.W.3d at 287-88; *Goff*, 931 S.W.2d at 544 n. 5. Texas Penal Code section 7.02(a)(2) makes a person criminally responsible for an offense committed

by the conduct of another if, acting with the intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *See* TEX. PENAL CODE § 7.02. Therefore under a jury charge that applies the law of parties to aggravated sexual assault as alleged in the indictment, the State was required to prove that Appellant encouraged, directed, aided, or attempted to aid an assailant who, as the principal actor, penetrated Maritz's sexual organ with said principal actor's sexual organ, and it was shown that Maritz was then younger than 14 years old.

Appellant alleges only that there was no proof that her sexual organ penetrated Maritz's sexual organ. However, under the law of parties ,the State was not required to show that Appellant's sexual organ penetrated Maritz's sexual organ. Rather the State was required to prove that Appellant, acting with the intent to promote or assist the commission of the offense; solicited, encouraged, directed, aided, or attempted to aid another person commit the offense. In other words that Appellant solicited, encouraged, directed, aided, or attempted to aid Jose in his sexual assault of Maritz.

The evidence adduced at trial clearly showed that Jose did in fact sexually assault Maritz. 4 RR 128-139. Further, the evidence shows that Maritz was twice impregnated as a result of the continuing sexual assault by Jose. 4 RR 139; 148. Appellant doesn't even challenge that Maritz was sexual assaulted by Jose. AB 33.

11

Maritz testifies that the sexual abuse began when she was six and continued until she was 14 when her first child, Crystal, was diagnosed with autism and genetic screening showed that said child was fathered by Jose. 4 RR 128, 158-59. She also testified that she was twelve when she was pregnant with her first child, and thirteen when pregnant with her second. 4 RR 139, 148. This testimony clearly demonstrates that Maritz was sexually assaulted by Jose.

Maritz further testified that Appellant, her mother, was aware of the sexual abuse Maritz was suffering at the hands of Jose; in fact, that Appellant was aware of the abuse from the time Maritz was six years old. 4 RR 129. Maritz also testified that Appellant would send her to Jose, her father, so that he could have sexual intercourse with her. 4 RR 131-32, 145. Appellant would then sleep with her boyfriend. 4 RR 145. Jose and Appellant had an arrangement that allowed Appellant to sleep with her boyfriend, Carvajal, and Jose to sleep with Maritz. 4 RR 147. Maritz further testified that Appellant directed her to lie to Child Protective Services when asked who the father of her children was. 4 RR 147. The evidence is clearly sufficient to prove that Appellant was guilty as a party to Jose's aggravated sexual assault of Maritz.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas respectfully requests that the judgment of the trial court be, in all things, AFFIRMED.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS


*/s/ Michael W. Morris*
_____
Michael W. Morris, Assistant
Criminal District Attorney

State Bar No. 24076880

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:   (956) 318-2300 ext. 781
Telefax:       (956) 380-0407

ATTORNEYS FOR THE STATE

## Certificate of Compliance

I hereby certify that this document has the following number of words:

A. Initial documents—beginning at cover page and ending at *Note as to Oral Argument*:   867 words

B. Brief:        3116 words

C. Total:        3983 words

Respectfully submitted,

*/s/ Michael W. Morris*
_____
Michael W. Morris, Assistant
Criminal District Attorney

State Bar No. 24076880

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:   (956) 318-2300 ext. 781
Telefax:       (956) 380-0407

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the foregoing Brief of State/Appellee was sent to Appellant's attorney of record, O. Rene Flores through the electronic filing service at Floreslaw1@aol.com.


*/s/ Michael W. Morris*
Michael W. Morris

15